*The probate of the paper propounded as the Will of* HARRIS COHEN.

WHERE there was an attestation clause annexed to a will, and the testator subscribed beneath the attestation clause, along with the attesting witnesses.—Held, that the testator's subscription was at the end of the will.

JERNEGAN, HAMMOND *and* CLEVELAND, *for Proponents.*

THE last page of the paper propounded as a will in this proceeding read thus:

" In witness whereof, I, Harris Cohen, have to this, my last will and testament, consisting of one sheet and written upon three pages, subscribed my name and set my seal, this twenty-sixth day of January, eighteen hundred and sixty-nine.

[L. S.]

" Subscribed by the testator, after the same was fully read and explained to him, in the presence of each of us, and at the same time declared by him to us to be his last will and testament; and thereupon, we, at the request of the testator, sign our names hereto as witnesses, this

twenty-sixth day of January, 1869, at the city of New York.

O  O  O

signified as Harris Cohen.

" Witnesses—A. L. KATZ, 79 Chatham street, New York city.

M. B. GUADZINSKY, 93 6th avenue, New York city."

THE SURROGATE. The subscription of the paper propounded was made by the testator, not at the usual place, the place evidently intended to receive it, opposite the seal and before the attestation clause, but after the attestation clause and immediately above the signatures of Katz and Guadzinsky, the subscribing witnesses.

The Revised Statutes require that the subscription shall be made by the testator " at the end of the will."

The requirement that testamentary papers should be subscribed at the end thereof was rendered necessary by the fact that formerly only a seal was generally used where the document commenced " I, John Doe, &c., do make and publish my last will," &c. And it was further considered needful and proper, lest fraudulent additions to a written will should be made at the end. By statute (15 Vic., ch. 24), in England, it is enacted that "no will shall be affected by the circumstance that the signature shall not follow or be immediately after the foot or the end of the will, or by the circumstance that the signature shall follow or be after or under the clause of attestation, either with or without a blank space intervening." (See 1 Williams on Exrs., p. 69.)

But there is no such provision in the statutes of this State.

It is, however, directed by our statute not only that the testator shall subscribe at the end of the will, but that each of the attesting witnesses shall sign his name at the end of the will. The same place is, therefore, designated

as the place for writing the names of testator and witnesses. (3 R. S., 5th ed., p. 144, § 35, 1 and 4.)

It is customary, where there is an attestation clause, for the testator to sign opposite a seal, and just preceding that clause, and for the witnesses to sign below the clause. In that case they do not all sign exactly in the same place; yet the propriety of this practice has never, I believe, been called in question.

But the statute no where requires or seems to contemplate either an attestation clause or a seal to a will.

I cannot doubt that this subscription of Harris Cohen is just as good where it is as it would have been if placed above the attestation clause. That clause, being thereby made part of the will, is merely harmless surplusage, declaring facts which must be proven in order to admit the will in any event. Decree of probate.